## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHROMCRAFT REVINGTON, INC., et al.[1] | Case No. 15-10482 (KG) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket Nos. 373, 377**<br>**Hearing Date: August 17, 2016 at 2:00 p.m. (ET)** |

**REPLY IN SUPPORT OF FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR THE PERIOD FROM JULY 31, 2015 THROUGH MAY 31, 2016**

Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel to Alfred T. Giuliano, chapter 7 trustee (the "Trustee"), for the estates of the above-captioned debtors, hereby files this reply in support of the *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel to the Chapter 7 Trustee, for the Period from July 31, 2015 through May 31, 2016* [Docket No. 373] (the "Fee Application") and in response to the objection [Docket No. 377] (the "Objection") filed by Merchant Factors Corp. ("Merchant"). In further support of the Fee Application, the Firm respectfully represents as follows:

### Preliminary Statement

1.      The applicable statutory and judicial guidelines and the record in this case amply justify approval of the requested compensation of PSZ&J. MFC indicates that it "does not object to allowance of the fees" but only objects to "payment of any allowed fees in excess of the Carveouts from MFC's cash collateral." In effect, MFC seek to get the benefits of bankruptcy

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: (1) Chromcraft Revington, Inc. (8904), and (2) Sport-Haley Holdings, Inc. (0885). The location of the Debtors' corporate headquarters is 200 Union Boulevard, Suite 400, Lakewood, Colorado 80228.

without paying the requisite costs.  The carveouts for professionals of the Trustee set forth in the CC Stipulation (defined below) have always been subject to further "good faith discussions as to increased amounts," particularly when MFC has known this case is more complex than anticipated.  MFC chose to pull the plug on the chapter 11 case knowing there was more work to do in liquidating the estates, yet it now complains about the fees and expenses incurred by PSZ&J that have averaged $12,332 per month – a paltry sum considering the work done to date for the benefit of the creditors, the largest of which is MFC.

### Relevant Background

2.  On March 5, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (collectively, the "Cases").  The Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).

3.  On March 6, 2015, the Debtors filed a motion to approve DIP financing (the "DIP Financing Motion")  [Docket No. 17] with MFC as the DIP lender.

4.  On March 9, 2015, the Court entered an interim order approving the Debtors' DIP financing facility [Docket No. 37].

5.  On May 26, 2015, counsel for Merchant advised the Court that Merchant decided to cease providing a DIP financing facility to the Debtors.

6.  On May 29, 2015, the Office of the United States Trustee filed a motion to convert the chapter 11 cases to chapter 7 cases [Docket No. 205].

7.  On July 31, 2015, the Court entered an order converting the chapter 11 cases to chapter 7 cases [Docket No. 250].

8.  On July 31, 2015, Alfred T. Giuliano was appointed as the chapter 7

2

trustee [Docket No. 251].

9.      On August 31, 2015, the Firm filed the *Application of Alfred T. Giuliano,*
*Chapter 7 Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328(a) and Bankruptcy*
*Rules 2014(a) and 2016 and Local Rule 2014-1 for Authority to Employ and Retain Pachulski*
*Stang Ziehl & Jones LLP as Counsel to Chapter 7 Trustee, Nunc Pro Tunc to July 31, 2015*
[Docket No. 272] (the "PSZJ Retention Application").  On September 24, 2015, the Court
entered an order granting the PSZJ Retention Application [Docket No. 285].

10.     On December 15, 2015, the Trustee filed the *Chapter 7 Trustee's Motion*
*Pursuant to 11 U.S.C. §§ 105 and 363, Federal Rules of Bankruptcy Procedure 4001 and 9019,*
*and Local Rule of Bankruptcy Procedure 4001 for Entry of an Order Approving Stipulation By*
*and Between Chapter 7 Trustee for the Estates of Chromcraft Revington, Inc. and Sport Haley*
*Holdings, Inc. and Merchants Factors Corp.* [Docket No. 328] (the "CC Stipulation Motion" )
seeking to approve the cash collateral stipulation attached to the CC Motion (the "CC
Stipulation").  On December 22, 2015, the Court entered an order to approve the CC Stipulation
[Docket No. 339].

DOCS_DE:208896.3 89703/004

11.    The CC Stipulation provides for "Carveouts" to the Debtors' estates from cash collateral of $75,000 for legal fees and expenses of professionals of the Trustee, $75,000 for accounting fees and expenses for accounting professionals of the Trustee, $75,000 for allowed claims of creditors, and the Trustee's commission on proceeds of the sale of the Indiana Property.  CC Stipulation, ¶ 5.  Importantly, the CC Stipulation also provides that:

> To the extent that the amount of the Carveouts in [5(a) and (b)][2] are not sufficient, MFC and the Trustee *will engage in good faith discussions as to increased amounts.*

CC Stipulation, ¶ 10 (emphasis added).

## Reply to the Objection

**A.    PSZ&J's Requested Fees and Expenses are Reasonable and Necessary, and Merchant Has Not Identified Any Legitimate Objection Thereto**

12.    MFC has not raised any objection to the reasonableness of the Firm's fees or expenses requested in the Fee Application.  Nor could it.  The Firm has proceeded in good faith in assisting the Trustee in administering remaining assets in the Debtors' estates and has encountered much more complexity and difficulty than anticipated.

13.    First, the amounts alone in the Fee Application do not come close to any level of unreasonableness.  The Firm has incurred $135,208.50 in fees and $12,779.91 in expenses over the twelve-month period covered by the Fee Application – an average monthly rate of $12,332.36 in a chapter 7 case that has required significantly more work than anticipated. MFC knows (and has been continuously advised by the Trustee about) the scope and complexity of the Debtors' business and these estates – it funded the chapter 11 and made the decision to pull the plug on financing, thereby causing conversion to chapter 7 and requiring a trustee to get

---

[2] The CC Stipulation contains a typographical error by referring to the Carveouts in "6(a) and (b)" rather than the correct reference of 5(a) and (b).

4

up to speed, hire his own professionals, and finish the job of winding down the estates with whatever remained.

14.    The liquidating process to date has included, but is not limited to:  (a) preparing and obtaining court approval of bidding procedures and a bidding procedures motion; (c) conducting an auction for the sale of the Indiana Property; (c) obtaining court approval of the sale of the Indiana Property; (d) closing on the sale of the Indiana Property, which had to be re-negotiated through a new sale order and sale documents with the backup buyer after the initial buyer caused substantial delays and frustrated the process of closing; (e) working through objections by Tate County and addressing Tate County's motion for released of escrowed funds; (f) evaluating of options for disposition, sale, and then abandonment of Senatobia, Mississippi property, which is still subject to litigation; (g) assisting in investigating and recovery of assets of the estates; and (h) evaluating options for the estate's interests in non-debtor Sport-Haley, Inc.

15.    A significant portion of the funds received by the Trustee that he has offered to remit to MFC were proceeds from the Indiana Property sale – a sale that yielded a price of $1,275,000, a successful result for the estates and MFC, which as the secured lender is the primary beneficiary of the sale.  Initial offers for the Indiana Property were in the range of approximately $110,000.  After preparing bid procedures and running an auction process, PSZ&J's efforts substantially increased the ultimate value received.

16.    In addition, the Firm has incurred fees in negotiating issues regarding cash collateral usage and the CC Stipulation and CC Stipulation Motion with MFC.  Any objection MFC has to fees incurred by time related to those issues should be disregarded as self-serving. MFC, as the lender in this case and the primary beneficiary of the Trustee's and PSZ&J's efforts, cannot complain about legal fees incurred by counsel to the Trustee for negotiating cash

5

collateral usage when it knows that is the price it has to pay for liquidating in bankruptcy –
without the ability to fund the estates the Trustee cannot fulfill his statutory duties.

17.    In summary, MFC has not come close to carrying its burden of asserting a
legitimate challenge to the Firm's fees.  MFC has not identified any particular fees of the Firm as
unreasonable, nor has it identified any specific time entries that it believes are not proper.
Because MFC has not carried its burden to show the fees are unreasonable, there is no basis to
deny *any* of the fees requested, and the Objection should be overruled.  *See In re Blackwood
Associates, L.P.*, 165 B.R. 108, 112 (Bankr. E.D.N.Y. 1994) ("A party opposing a fee application
must carry the burden of explaining what therein is unreasonable or, at least, what would be
reasonable under the circumstances.  Absent such evidence by the objectant, the opposition
fails.").

18.    "[I]n evaluating the award of professional fees, courts objectively consider
whether the services rendered were reasonably likely to benefit the estate from the perspective of
the time when such services were rendered.  Reasonableness of services is not determined
through hindsight." *In re Acme Cake Co., Inc.*, 495 B.R. 212, 220 (Bankr. E.D.N.Y. 2010)
(citations omitted).  Here, the Firm's fees and expenses were reasonable when incurred and they
remain reasonable and beneficial to the estates.  MFC has not offered any legitimate basis to the
contrary.

## B.    MFC Knew the Firm Was Above the Carveouts, and the Firm is Not Seeking Payment Now of Amounts Above the Approved Carveouts.

19.    The Trustee and PSZ&J have kept MFC and its counsel informed
throughout the case about the various tasks that have required PSZ&J's assistance and the
incurrence of fees.  The amounts in the Fee Application should come as no surprise.
Notwithstanding any section 506(c) waiver in the CC Stipulation, at the time it was negotiated

6

and signed MFC knew that PSZ&J was above the Carveout amount of $75,000 and knew that the parties would need to engage in further good faith discussions about increases to the Carveouts for the professionals.

20.    PSZ&J is not seeking immediate payment of any disputed amounts above the $75,000 Carveout pending discussions among the parties. PSZ&J is only seeking allowance of all of the requested fees and expenses in the Fee Application and approval of payment. Payment above the $75,000 Carveout amount will not be made now, and the parties will negotiate in good faith for increases to such amounts. In the meantime, no payment for the disputed amount above $75,000 will be made from any of MFC's cash collateral.

21.    The Trustee has offered to return to MFC the proceeds relating to the Indiana Property – a total of approximately $370,000, which is net of the Carveouts and disputed holdbacks. As of the filing of this Reply, the approximately $370,000 has yet to be returned despite the Trustee's request for directions on how MFC wants him to remit funds.

22.    Rather than contact counsel in an effort to resolve any issues in good faith and seek an adjournment of the hearing on the Fee Application, MFC filed the Objection, which is offensive and a waste of the Court's time. Notably, after the Trustee provided the Cash Collateral Summary[3] to MFC in early May 2016, neither the Trustee nor PSZ&J received any response or reaction to the additional requested carveouts for the professionals, until the Objection was filed.

23.    The parties should continue further discussions over use of cash collateral to address the issues raised by the Objection rather than litigate before the Court.

---

[3] Attached as Exhibit B to the Objection.

7

24.     Attached to this Reply as <u>Exhibits A and B</u> is a revised proposed order to approve the Fee Application and a blackline showing changes made from the original proposed order attached to the Fee Application.  The revised language is intended to resolve any concerns by MFC and to resolve informal comments received by Tate County.  As of the filing of this Reply, MFC has <u>not</u> consented to the revised proposed order.

<b><u>Reservation of Rights</u></b>

25.     The Firm reserves the right to supplement this Reply to the extent that the MFC is permitted to supplement its Objection or offer any additional evidence or arguments in support of its position.

<b><u>Conclusion</u></b>

26.     For the reasons set forth above, PSZ&J respectfully requests that the Court overrule the Objection and enter the revised order attached to this Reply to approve the Fee Application.

Dated: August 15, 2016               PACHULSKI STANG ZIEHL & JONES LLP

                                     */s/ Peter J. Keane*
                                     Bradford J. Sandler (DE Bar No. 4142)
                                     Peter J. Keane (DE Bar No. 5503)
                                     919 N. Market Street, 17th Floor
                                     Wilmington, DE  19801
                                     Telephone:  (302) 652-4100
                                     Facsimile:  (302) 652-4400
                                     Email:     bsandler@pszjlaw.com
                                                pkeane@pszjlaw.com

                                     Counsel to Alfred T. Giuliano, Chapter 7 Trustee