IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHROMCRAFT REVINGTON, INC., et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 15-10482 (KG)<br>(Jointly Administered)<br><br>**Re: Docket No. 410** |

**ORDER GRANTING SECOND INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR THE PERIOD FROM JUNE 1, 2016 THROUGH OCTOBER 31, 2016**

Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), as counsel to Alfred T. Giuliano, the chapter 7 trustee (the "Chapter 7 Trustee") in the above-captioned cases, filed a Second Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as counsel to the Chapter 7 Trustee, for the period from June 1, 2016 through October 31, 2016 (the "Second Interim Application"). The Court has reviewed the Second Interim Application and finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Second Interim Application, and any hearing on the Second Interim Application, was adequate under the circumstances; and (c) all persons with standing have been afforded the opportunity to be heard on the Second Interim Application. Accordingly, it is hereby ORDERED THAT:

1. The Second Interim Application is GRANTED, on an interim basis.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: (1) Chromcraft Revington, Inc. (8904), and (2) Sport-Haley Holdings, Inc. (0885). The location of the Debtors' corporate headquarters is 200 Union Boulevard, Suite 400, Lakewood, Colorado 80228.

2. The Chapter 7 Trustee in the above cases shall pay to PSZ&J the sum of $43,019.50 as compensation and $5,106.33 as reimbursement of expenses, for a total of $48,125.83 for services rendered and disbursements incurred by PSZ&J for the period June 1, 2016 through October 31, 2016.

3. The source of payment to PSZ&J of any allowed compensation and reimbursement of expenses pursuant to this Order shall not include any collateral or cash collateral of Tate County, Mississippi, without the duly authorized written agreement of Tate County and an appropriate final order of the Court, after notice and a hearing.

4. The source of payment to PSZ&J of any allowed compensation and reimbursement of expenses pursuant to this Order shall not include any collateral or cash collateral of Merchant Factors Corp. ("Merchant"), without the duly authorized written agreement of Merchant and an appropriate final order of the Court, after notice and a hearing.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 4, 2016

_Kevin Gross_
The Honorable Kevin Gross
United States Bankruptcy Judge