## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| CHROMCRAFT REVINGTON, INC., et al.[1] | : | Case No. 15-10482 (KG) |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Hearing Date:  To Be Heard With TFR |
| | : | Objection Deadline:  To Be Determined |

**SECOND AND FINAL FEE APPLICATION BY GIULIANO MILLER AND COMPANY, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES, AS ACCOUNTANTS TO THE TRUSTEE, FOR (1) THE INTERIM PERIOD APRIL 1, 2016 THROUGH JUNE 12, 2019 AND (2) THE FINAL PERIOD JULY 31, 2015 THROUGH JUNE 12, 2019**

| | |
|---|---|
| Name of Applicant: | Giuliano Miller and Company, LLC. |
| Authorized to Provide Professional Services to: | Alfred T. Giuliano, Chapter 7 Trustee |
| Date of Retention: | September 24, 2015 nunc pro tunc to July 31, 2015 |
| Interim Period for which compensation and reimbursement is sought: | April 1, 2016 through June 12, 2019 |
| Amount of interim Compensation sought as actual, reasonable and necessary: | $   61,340.00 |
| Amount of interim Expense Reimbursement sought as actual, reasonable and necessary: | $    1,008.80 |
| Final Period for which compensation and reimbursement is sought: | July 31, 2015 through June 12, 2019 |
| Amount of Final Compensation sought as actual, reasonable and necessary: | $ 136,340.00 |
| Amount of Final Expense Reimbursement sought as actual, reasonable and necessary: | $    1,008.80 |

*Cumulative fees for fee application preparation are $6,808.50, or 5% of total fees*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: (1) Chromcraft Revington, Inc. (8904), and (2) Sport-Haley Holdings, Inc. (0885).  The location of the Debtors' corporate headquarters is 200 Union Boulevard, Suite 400, Lakewood, Colorado 80228.

**Prior Fee Application History:**

| Date Filed: | Period Covered: | REQUESTED: Fees: | Expenses: | APPROVED: Fees: | Expenses: |
|---|---|---|---|---|---|
| 04/25/17 | 07/31/15 - 03/31/16 | $75,000.00 | $0.00 | $75,000.00 | $0.00 |
| Total: | | $75,000.00 | $0.00 | $75,000.00 | $0.00 |

## ATTACHMENT B – LOCAL FORM 102/RULE 2016-2
### COMPENSATION BY PROFESSIONAL
### APRIL 1, 2016 THROUGH JUNE 12, 2019

| Name of Professional | Position of Applicant/ Certifications | BS/BA Degree | Total Hours Billed | Hourly Rate ($) | Gross Amount ($) | Adjustment ($) | Net Amount ($) |
|---|---|---|---|---|---|---|---|
| Alfred T. Giuliano | Member CPA, CIRA, CFE, CDBV | 1978 | 0.9 3.0 | 625 650 | 562.50 1,950.00 | 0.00 0.00 | 562.50 1,950.00 |
| Donna M. Miller | Manager CPA/CFF, CIRA, MBA, CDBV | 1980 | 25.5 6.6 | 475 495 | 12,112.50 3,267.00 | 0.00 0.00 | 12,112.50 3,267.00 |
| Robert L. Edwards | Manager CIRA | 1980 | 24.3 22.4 | 475 495 | 11,542.50 11,088.00 | 0.00 0.00 | 11,542.50 11,088.00 |
| Dana M. Roach | Senior Staff | 2000 | 7.3 2.2 | 375 395 | 2,737.50 869.00 | 0.00 0.00 | 2,737.50 869.00 |
| Michael G. Infanti | Senior Staff CPA, CIRA, CFE | 2003 | 1.3 18.9 | 395 425 | 513.50 8,032.50 | 0.00 0.00 | 513.50 8,032.50 |
| Laura A. Goldberg | Senior Tax Staff CPA | 1981 | 1.2 0.5 | 360 395 | 432.00 197.50 | 0.00 0.00 | 432.00 197.50 |
| Bradley T. Giuliano | Staff MBA, CIRA | 2011 | 11.6 0.6 | 295 325 | 3,422.00 195.00 | 0.00 0.00 | 3,422.00 195.00 |
| Marc S. Giuliano | IT Staff | 1984 | 14.3 | 295 | 4,218.50 | 0.00 | 4,218.50 |
| Theresa A. Campbell | Para professional | n/a | 1.0 | 200 | 200.00 | 0.00 | 200.00 |
| TOTAL: | | | 141.6 | | $61,340.00 | $0.00 | $61,340.00 |

ATTACHMENT B – LOCAL FORM 102/RULE 2016-2
COMPENSATION BY PROJECT CATEGORY
FOR THE PERIOD APRIL 1, 2016 THROUGH JUNE 12, 2019

| | PROJECT CATEGORY | TOTAL HOURS | GROSS FEES ($) | ADJUST. ($) | NET FEES ($) |
|---|---|---|---|---|---|
| 1. | **Case Background & Administration** – Review of petition, docket, and other case background information. | 0.8 | 376.00 | 0.00 | 376.00 |
| 2. | **Bank Account & Insurance Analysis** – Reconcile bank accounts and review activity including insurance premium refunds. | 3.5 | 1,708.50 | 0.00 | 1,708.50 |
| 3. | **Reconcile & Tax Analysis of Claims** – Analyze tax claims and claims requiring an accounting, such as leases. | 1.8 | 765.00 | 0.00 | 765.00 |
| 4. | **Employee Related Issues & W-2's** – Review pension matters and employee related notices. | 2.1 | 787.50 | 0.00 | 787.50 |
| 5. | **Fee Applications** – Prepare firm's employment and fee applications and motions to employ. | 14.1 | 6,808.50 | 0.00 | 6,808.50 |
| 6. | **Litigation Support** – Provide assistance on litigation matters, excluding avoidance matters. | 0.0 | 0.00 | 0.00 | 0.00 |
| 7. | **Preferences and Fraudulent Transfers Analysis** – Prepare analyses for preferences and fraudulent transfers, including insolvency analyses. | 22.8 | 8,796.00 | 0.00 | 8,796.00 |
| 8. | **General Ledger and Accounting Analysis** – Analyze books and records of the debtor/estate. | 31.8 | 14,305.50 | 0.00 | 14,305.50 |
| | | | | | |

### ATTACHMENT B – LOCAL FORM 102/RULE 2016-2
### COMPENSATION BY PROJECT CATEGORY
### FOR THE PERIOD APRIL 1, 2016 THROUGH JUNE 12, 2019

| PROJECT CATEGORY | TOTAL HOURS | GROSS FEES ($) | ADJUST. ($) | NET FEES ($) |
|---|---|---|---|---|
| 9. Post Petition Analysis – Review post petition transactions in books and records for potential recovery to the estate. | 0.0 | 0.00 | 0.00 | 0.00 |
| 10. Case Consolidation Analysis – Review books and records, bank accounts, tax returns, and other information to determine if cases should be consolidated. | 0.0 | 0.00 | 0.00 | 0.00 |
| 11. Access and Inventory Records – Obtain access into databases, download information, and inventory/store records. | 16.0 | 6,930.00 | 0.00 | 6,930.00 |
| 12. Tax Preparation and Services – Review and respond to various tax notices (including income, payroll, sales and use), preparing and filing returns when necessary. | 39.2 | 17,351.50 | 0.00 | 17,351.50 |
| 13. Reconstruction Accounting – Reconstruct books and records of debtor to bring transactions current. | 0.0 | 0.00 | 0.00 | 0.00 |
| 14. Retirement Plans–Assist the Trustee in continuing to perform obligations required of administrator (as defined by ERISA) of any employee benefit plans of the Debtor. | 6.0 | 2,290.00 | 0.00 | 2,290.00 |
| 15. Review/Recover Assets – Identify potential assets through forensic accounting research of records. | 3.5 | 1,221.50 | 0.00 | 1,221.50 |
| 16. Travel (Reduced by ½ normal rate) – | 0.0 | 0.00 | 0.00 | 0.00 |
| Total | 141.6 | $61,340.00 | $0.00 | $61,340.00 |

ATTACHMENT B - LOCAL FORM 102/RULE 2016-2
EXPENSE SUMMARY
FOR THE PERIOD APRIL 1, 2016 THROUGH JUNE 12, 2019

| EXPENSE CATEGORY | SERVICE PROVIDER/ DESCRIPTION | TOTAL EXPENSES ($) |
|---|---|---|
| Postage | | |
| Computer Assisted Legal Research | Pacer  32 pages @ .10 each | 3.20 |
| Facsimile | @ $1 each | |
| Long Distance Telephone | | |
| In-house Copying | 7,831 copies @ $.10 each | 783.10 |
| Outside Copying | | |
| Local Travel | | |
| Out-of-Town Travel | Airfare | |
| | Mileage | |
| | Parking/Tolls | |
| | | |
| Tax Authorizations | (1) State Business and (2) Consolidated Corp. | 222.50 |
| | | |
| Grand Total: | | $1,008.80 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| CHROMCRAFT REVINGTON, INC., et al.[2] | : | Case No. 15-10482 (KG) |
| | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | **Hearing Date:  To be heard with TFR** |
| | : | **Objection Deadline:  To be Determined** |

**SECOND AND FINAL FEE APPLICATION BY GIULIANO MILLER AND COMPANY, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES, AS ACCOUNTANTS TO THE TRUSTEE, FOR (1) THE INTERIM PERIOD APRIL 1, 2016 THROUGH JUNE 12, 2019 AND (2) THE FINAL PERIOD JULY 31, 2015 THROUGH JUNE 12, 2019**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Giuliano, Miller & Company, LLC ("GMCO"), files this Second and Final Fee Application for Allowance of Compensation and Reimbursement of Expenses, as Accountants to Alfred T. Giuliano, Chapter 7 Trustee, for the Period of April 1, 2016 through June 12, 2019 ("Interim Period") and for the Period of July 31, 2015 through June 12, 2019 ("Final Period") and in support thereof, states:

---

[2]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: (1) Chromcraft Revington, Inc. (8904), and (2) Sport-Haley Holdings, Inc. (0885). The location of the Debtors' corporate headquarters is 200 Union Boulevard, Suite 400, Lakewood, Colorado 80228.

## Background

1.      On March 5, 2015, Chromcraft Revington, Inc., et al. (the "Debtors") each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").    The cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).

2.      By order on July 31, 2015, the Court converted the Debtors' Chapter 11 cases to ones under Chapter 7 of the Bankruptcy Code (the "Conversion") [Docket No. 250].

3.      On July 31, 2015, the Office of the United States Trustee appointed Alfred T. Giuliano as Chapter 7 Trustee for the cases ("Trustee"), which appointment remains in effect [Docket No. 251].

4.      On September 24, 2015, this Court entered an Order approving the employment of GMCO as Accountants and Financial Advisors to the Trustee (the "Retention Order") nunc pro tunc to July 31, 2015 [Docket No. 284].    The Retention Order authorizes GMCO to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses it incurred.

5.      GMCO submits this Application to the Bankruptcy Court seeking allowance of reasonable compensation for actual and necessary professional services provided to the Trustee and for reimbursement of actual and necessary out-of-pocket expenses incurred during the Interim Period.    All included services and costs for which GMCO seeks compensation were performed for, or on behalf of, the Trustee during the Interim Period.

6.      At all relevant times, GMCO has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code and has not represented nor held any interest adverse to these estates.

7.      Furthermore, no payments have heretofore been made or promised to GMCO for services rendered or to be rendered in any capacity whatsoever in connection with these cases. There is no agreement or understanding between GMCO and any other person other than among the members of GMCO for the sharing of compensation to be received for services rendered in these cases.

8.      The employees of GMCO who have rendered professional services in this case during the Interim Period are listed in **Attachment B** of this Motion, which form is included directly behind the cover sheet of this Motion. In compliance with the Retention Order, the terms of GMCO's employment are as follows: GMCO charges accounting fees on an hourly basis at its normal and customary hourly rates, which are set in accordance with each accountant's position, seniority and expertise. For each professional, years of professional experience, hourly rate and total hours of service rendered are detailed in **Attachment B** of this Motion.

9.      During the Interim Period, GMCO provided accounting services to the Trustee in connection with the estate of the Debtors. The services performed by GMCO on behalf of the Trustee include, without limitation, the following:

      a) GMCO conducted a preliminary review for possible preferences and fraudulent transfers for each of the two Debtors. Our analysis included a review of the Debtor bank statements (for outgoing transfers and checks), Debtors' physical and electronic accounting records, and a bankruptcy docket declaration and schedules/SOFAs. It was determined that there were no significant matters to pursue that could result in a positive monetary return to the estate.

      b) GMCO completed tax return trial balances for years 2015 to October 31, 2018.

    c)  GMCO prepared and reviewed the federal income tax returns Form 1120 for years 2015 through October 31, 2018 (final). The related 505(b) letters were also prepared.

    d)  GMCO continued to respond to inquiries from 401k plan participants regarding their prior distribution checks.

    e)  GMCO reviewed the unpaid invoices of Iron Mountain to assist the Trustee with the settlement of its claim in conjunction with the records abandonment.

    f)  GMCO prepared the 1st interim and this 2nd interim and final fee application.

10.    The nature of the work performed by GMCO is fully detailed in the billing entries kept by each accountant and paraprofessional. The detailed billing entries are attached hereto and made a part hereof as **Exhibit A**. In accordance with Del. Bankr. L.R. 2016-2, a summary and breakdown by project category of the services performed is set forth in **Attachment B** located directly behind the coversheet of this Motion. The fees for travel time have been reduced by one half in accordance with Del. Bankr. L.R. 2016-2, and this adjustment is reflected in the net fees on **Attachment B** (no travel time incurred).

11.    GMCO charged its normal hourly rates for work of this type. The reasonable value of the services rendered by GMCO to the Trustee for the Interim Period is $61,340.00. The actual and necessary expenses incurred by GMCO for the Interim Period is $1,008.80 (see **Attachment B**).

12.    In accordance with Del. Bankr. L.R. 2016-2, GMCO certifies that this Motion complies with the Local Rules. <u>See</u> Certification of Donna M. Miller, CPA attached hereto as **Exhibit B**.

### Relief Requested

13.     GMCO seeks an allowance and payment of $61,340.00 in fees and reimbursement of actual expenses in the amount of $1,008.80 for the Interim Period, April 1, 2016 through June 12, 2019. GMCO also seeks final approval of fees and expenses previously approved by the Court on an interim basis as shown above in the Fee Application History. Together, for the Final Period, GMCO seeks approval of fees totaling $136,340.00 and reimbursement of expenses totaling $1,008.80.

14.     Pursuant to Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by GMCO for its accounting fees and costs is fair and reasonable given (a) the complexity of the case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under this title. See 11 U.S.C. § 330.

WHEREFORE, GMCO respectfully requests that the Court enter the Order submitted herewith granting GMCO, for the Interim Period, an allowance of $61,340.00 as compensation for actual and necessary accounting services rendered and $1,008.80 for reimbursement of actual expenses, and that sum be authorized for payment, as well as granting final approval of GMCO's final fees in the sum of $136,340.00 and reimbursement of expenses in the sum of $1,008.80 for a total of $137,348.80, and grant such other and further relief as this Court may deem just and proper.

GIULIANO MILLER AND COMPANY, LLC

By: _Donna M. Miller_
Donna M. Miller, CPA

Dated: June 20, 2019

Case No. 15-10482/KG